UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANTZ DANIEL,

    Plaintiff,

v.                                   Case No: 6:17-cv-1471-Orl-18TBS

WALGREENS DISTRIBUTIONS
CENTER,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed without Prepaying Fees or Costs (Doc. 2). Upon due consideration, I respectfully recommend that the motion be **DENIED** and that this case be dismissed without leave to amend.

### I. Background

On August 10, 2017, pro se Plaintiff Frantz Daniel filed his complaint, with attachments, and the instant motion (Docs. 1- 2). I reviewed Plaintiff's complaint and identified several deficiencies. By Order dated August 11, 2017, Plaintiff was informed of these defects (Doc. 3). I took his motion to proceed *in forma pauperis* under advisement and gave Plaintiff 21 days to amend his complaint to remedy the deficiencies I had identified (Id.). Plaintiff was cautioned that if he did not timely amend his complaint, a report and recommendation would be submitted to the district judge that this case be dismissed (Id. at 5).

On August 31, 2017, Plaintiff submitted a letter, which I construed as a motion for extension of time (Doc. 6). The motion was granted and the deadline for Plaintiff to amend his complaint was extended from September 1 to September 15, 2017 (Doc. 7).

Again, Plaintiff was cautioned that: "[i]f Plaintiff has not amended his complaint by September 15, 2017, I will recommend to the district judge that this case be dismissed." (Id.). Plaintiff was encouraged to consult a lawyer and also advised of the resources available on the Court's website for persons who choose to proceed without a lawyer (Id.). The extended deadline has now expired and Plaintiff has not filed an amended complaint.

## II. Discussion

Federal courts may allow an individual to proceed in *forma pauperis* if he declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general – when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff has not met the required pleading standard. He complains that he was working for Kelly Services and assigned to Defendant's distribution center. Plaintiff interviewed for a permanent position with Defendant, but was not hired. He alleges that he received an on the job injury on August 13, 2014, and requested light duty, but was terminated on August 15, 2014. He claims he was discriminated against due to race,

national origin and age.[1] While the subject of Plaintiff's claim appears to be within the federal question jurisdiction of the Court, his complaint for employment discrimination (Doc. 1) is incomplete. At page three, he failed to sign his complaint. At page four, the section entitled "V. Relief" is blank. Thus, Plaintiff fails to state what damages or other relief he seeks.

Most importantly, Plaintiff affirmatively alleges that "The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which I received on May 10, 2017." (Doc. 1 at 4). The Eleventh Circuit has explained:

> An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with Disabilities Act. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); see Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001) (Americans with Disabilities Act). "The first step down th[e] path [to exhaustion] is filing a timely charge of discrimination with the [Commission]." Wilkerson, 270 F.3d at 1317. If the Commission determines after an investigation "that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify" the employee. 42 U.S.C. § 2000e-5(b). **When the employee receives a notice of dismissal from the Commission, she has 90 days to file a civil action against the employer.** Id. § 2000e-5(f)(1).

Stamper v. Duval Cty. Sch. Bd., 863 F. 3d.1336, 1339-1340 (11th Cir. 2017) (emphasis added). "Federal complaints filed even one day after the expiration of this 90 day period are untimely and, accordingly, subject to dismissal." Oliver v. Dothan City Bd. of Educ., No. 1:16-CV-677-WKW-GMB, 2016 WL 6306161, at *2 (M.D. Ala. Oct. 7, 2016), *report and recommendation adopted*, 2016 WL 6275388 (M.D. Ala. Oct. 26, 2016) (dismissing untimely pro se claim) (internal citation omitted). Plaintiff has alleged that he received the

---

[1] It is not clear if Plaintiff is also claiming a violation of the Americans with Disabilities Act. See Doc. 1 at 6. If so, no facts about his disability are alleged, other than a twisted wrist.

right to sue letter on May 10, 2017, and this suit was filed August 10, 2017, which is 92 days later. I recognize that the 90-day time limit to file discrimination lawsuits "is non-jurisdictional and is therefore subject to equitable tolling." Brown v. John Deere Prod., 460 F. App'x 908, 909 (11th Cir. 2012) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982)).[2] "Nevertheless, [the Eleventh Circuit has] held that 'traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances.'" Id. at 910 (quoting Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007)). Assuming the accuracy of Plaintiff's allegations, his lawsuit is untimely unless his claims are subject to equitable tolling. No allegations supporting equitable tolling are set forth and the Court cannot presume them. Thus, it appears that Plaintiff's claim is time barred. Consequently, Plaintiff has failed to provide a short and plain statement of his claim, alleging facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft.

### III. Recommendation

As Plaintiff's complaint is fatally deficient, his motion to proceed *in forma pauperis* should be denied and his complaint should be dismissed. Because Plaintiff has had an

---

[2] As a court in the Northern District of Florida recently explained:

> In the context of an IFP frivolity determination under § 1915(e), "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Ga. Bd. of Pardons and Paroles, 915 F.2d 636, 640 n.2 (11th Cir. 1990). "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." Id. Nonetheless, in order to dismiss a complaint as time-barred prior to service, "it must appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (citations omitted).

Williams v. Sobel, No. 1:16-CV-364-MW-GRJ, 2017 WL 907493, at *3 (N.D. Fla. Feb. 1, 2017), *report and recommendation adopted,* 2017 WL 902868 (N.D. Fla. Mar. 7, 2017).

opportunity to amend but has not done so, I recommend that dismissal be without leave to amend.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 19, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff, pro se